# IN RE OPINION OF THE JUDGES

## (140 N.W.2d 34)

(File No. 10323.   Opinion filed February 11, 1966)

A question was propounded by the Governor to the Judges of the Supreme Court relating to the constitutionality of House Bill 707 enacted by the Forty-first Legislative Session defining the term "individual taxpayer" under the Property Tax Relief Act.

## TO HIS EXCELLENCY, NILS A. BOE,
## GOVERNOR OF SOUTH DAKOTA:

We have your communication of February 7, 1966 in which you request the opinions of the Judges of the Supreme Court as to whether the term "individual taxpayer" as defined in House Bill 707 for the purpose of providing tax relief distribution under the provisions of Senate Bill 8 is unconstitutional under the provisions of the Constitution of the State of South Dakota and the Constitution of the United States of America.  You further state that said House Bill is now before you for approval or disapproval.

The judges of this court on several occasions have indicated their reluctance to render advisory opinions where private rights are involved, partly because we are denied the assistance

present in an adversary proceeding. We think this a salutary rule, but since the question you propound is limited in scope we deem it proper to answer your inquiry.

House Bill 707, passed by the Forty-first Session of our Legislature, was enacted as an emergency measure to become effective upon its approval. Section 1 thereof provides that:

"The term 'individual taxpayer' as used in Senate Bill No. 8, heretofore passed at and by the Forty-first Legislative Session shall mean only those taxpayers who reside in the State of South Dakota and own an interest in real or personal property therein, as of the date of assessment in any year preceding the year in which there is a distribution for tax relief purposes as provided in Senate Bill No. 8."

Accordingly we turn to Senate Bill 8.

That enactment is a Property Tax Relief Act under which monies appropriated for such purpose are placed in a Property Tax Relief Fund and therefrom returned to the taxing districts and taxpayers of our state as therein provided. We are here concerned with Section 9 of that Act which states:

"For the year 1966, the County Treasurers shall proceed to reduce the taxes for each individual taxpayer whose property is valued and assessed locally in the manner prescribed by SDC 1960 Supp. 57.03A07 and excluding those persons centrally assessed by the State of South Dakota by deduction from his taxes in each district a percentage which represents his proportionate share of the Property Tax Relief Fund in such District. This amount shall be shown as a credit on the tax receipt issued for real and personal property taxes. The County Treasurer shall make refund to the taxpayers in the determined amount, without interest, such refund to be made by the issuance of a tax receipt or refund warrant as soon as possible after the effective date of this Act. The credit or refund thus made shall be clearly

marked on the tax receipt or refund warrant and prominently labeled, 'TAX CREDIT'."

Section 10 of the Act appropriates to the Property Tax Relief Fund the sum of Five Million Dollars ($5,000,000.00) for the calendar year of 1966.

Section 2 of Article IV of the Constitution of the United States declares: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." Section 1 of the Fourteenth Amendment to the Constitution of the United States so far as here pertinent provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States * * * nor deny to any person within its jurisdiction the equal protection of the laws."

It seems uniformly held that these provisions prevent a state from enacting tax statutes discriminating against nonresidents in favor of residents of the state.

A leading case in this area of the law is Travis v. Yale & Towne Manufacturing Co., 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460. It was there held that the denial of exemptions to the nonresident taxpayers of New York while granting exemptions to resident taxpayers was a crucial discrimination. In that decision the court quoted with approval this language from one of its earlier cases:

"Beyond doubt those words [privileges and immunities] are words of very comprehensive meaning, but it will be sufficient to say that the clause plainly and unmistakably secures and protects the right of a citizen of one state to pass into any other state of the Union for the purpose of engaging in lawful commerce, trade, or business without molestation; to acquire personal property; to take and hold real estate; to maintain actions in the courts of the state; and to be exempt from any higher taxes or

excises than are imposed by the state upon its own citizens."

In Travis the court said that a general taxing scheme which "discriminates against all nonresidents, has the necessary effect of including in the discrimination those who are citizens of other states; and, if there be no reasonable ground for the diversity of treatment, it abridges the privileges and immunities to which such citizens are entitled."

█▌ There is no reasonable basis for the discrimination contained in House Bill 707. It is based solely upon residence, and to the extent of the credit or refund imposes a higher tax upon the citizens of other states than is imposed on our own. Consequently, we are compelled to advise you that the bill in question violates the quoted provisions of the Constitution of the United States and is, in our opinions, clearly unconstitutional.

█ We think it proper to also point out that in the Enabling Act which provided for the admission of our state into the Union, we agreed that the lands belonging to citizens of the United States residing without our state "shall never be taxed at a higher rate than the lands belonging to residents thereof;" § 4. This provision was subsequently embodied in our Compact with the United States now Article XXII of our Constitution. It cannot be revoked without the consent of the United States.

DATED this 11th day of February, 1966.

Yours very respectfully,

E. D. ROBERTS
ALEX RENTTO
CHARLES S. HANSON
FRANK BIEGELMEIER
FRED J. HOMEYER

Judges of the Supreme
Court of South Dakota